1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WILLIAM ROUSER,                          No.  2:22-cv-01749-DAD-DMC (PC)

12            Plaintiff,

13      v.                                     ORDER ADOPTING FINDINGS AND
                                               RECOMMENDATIONS AND DENYING
14   PATRICK COVELLO, et al.,                  PLAINTIFF'S MOTION FOR A
                                               PRELIMINARY INJUNCTION
15            Defendants.
                                               (Doc. Nos. 10, 11)
16

17

18          Plaintiff William Rouser is a state prisoner proceeding *pro se* and *in forma pauperis* in

19   this civil rights action brought pursuant to 42 U.S.C. § 1983.  This matter was referred to a United

20   States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

21          On January 3, 2023, plaintiff filed a motion for a preliminary injunction seeking an order

22   directing prison officials to allow him to attend educational programming.  (Doc. No. 10.)  On

23   January 9, 2023, the assigned magistrate judge issued findings and recommendations

24   recommending that plaintiff's motion for a preliminary injunction be denied because:  (i) plaintiff

25   did not seek injunctive relief against individuals who are named as defendants in this action; (ii)

26   the lack of educational programming was not likely to lead to plaintiff suffering irreparable harm;

27   and (iii) plaintiff was not likely to succeed on the merits of his claim because there is no

28   constitutional right to educational programming.  (Doc. No. 11 at 2.)  The pending findings and

                                               1

1    recommendations were served on plaintiff and contained notice that any objections thereto were

2    to be filed within fourteen (14) days after service.  (*Id.* at 2.)  On January 19, 2023, plaintiff filed

3    objections to the pending findings and recommendations.  (Doc. No. 13.)

4          In his objections, plaintiff contends that the has a constitutional right and "liberty interest"

5    in obtaining the educational programming he seeks, and that the denial of such programming is

6    cruel and unusual punishment.  (Doc. No. 12.)  Plaintiff also contends that he requires the

7    educational programming to become rehabilitated and to follow the parole board's advisement.

8    (*Id.* at 1.)  However, it is well established that prisoners do not have a constitutional right to an

9    education or certain rehabilitation programs.  *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981)

10   (finding that the deprivation of rehabilitation and educational programs does not violate the

11   Eighth Amendment); *Coakley v. Murphy*, 884 F.2d 1218, 1221 (9th Cir. 1989) (rejecting the

12   argument that a prisoner had property interest in a work release program because "there is no

13   constitutional right to rehabilitation"); *Toussaint v. McCarthy*, 801 F.2d 1080, 1092 (9th Cir.

14   1986) ("A liberty interest does not arise even when administrative segregation imposes 'severe

15   hardships,' such as 'denial of access to vocational, educational, recreational, and rehabilitative

16   programs.'"), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995);

17   *Baumann v. Arizona Dep't of Corr.*, 754 F.2d 841, 846 (9th Cir. 1985) ("General limitation of

18   jobs and educational opportunities [in prison] is not considered punishment.").

19         In addition, to the extent plaintiff contends that he has been retaliated against, that claim

20   appears unrelated to his requested injunctive relief regarding his access to certain education

21   programming and, in any event, plaintiff has also failed to demonstrate that he is likely to succeed

22   on the merits of any such retaliation claim.  *See Wood v. Yordy*, 753 F.3d 899, 905–06 (9th Cir.

23   2014) ("We have repeatedly held that mere speculation that defendants acted out of retaliation is

24   not sufficient."); *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th

25   Cir. 2015) ("We hold that there must be a relationship between the injury claimed in the motion

26   for injunctive relief and the conduct asserted in the underlying complaint.").  Plaintiff's remaining

27   objections fail to address the substance of the magistrate judge's analysis and conclusions.  Thus,

28   /////

1  plaintiff's objections provide no basis upon which to reject the pending findings and

2  recommendations.

3          In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a

4  *de novo* review of the case.  Having carefully reviewed the entire file, the court finds the findings

5  and recommendations to be supported by the record and by proper analysis.

6          Accordingly,

7          1.      The findings and recommendations issued on January 9, 2023 (Doc. No. 11) are

8                  adopted in full; and

9          2.      Plaintiff's motion for a preliminary injunction (Doc. No. 10) is denied.

10         IT IS SO ORDERED.

11  Dated:   **May 17, 2023**                          _____

12                                                      UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28