IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ROUSER, | No. 2:22-CV-1749-DAD-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| PATRICK COVELLO, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint. See ECF No. 15.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is

1

1  entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply,

2  concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to

3  Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice

4  of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121,

5  1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity

6  overt acts by specific defendants which support the claims, vague and conclusory allegations fail

7  to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening

8  required by law when the allegations are vague and conclusory.

9

10                          **I.  PLAINTIFF'S ALLEGATIONS**

11         Plaintiff names the following as defendants: (1) P. Covello, Warden, (2) B.

12  Holuss, Chief Deputy Warden, (3) K. Rodgers, B Facility Captain, (4) Alvis, Assignment

13  Lieutenant, (5) C. Clevenger, Principal of Education, (6) Davis, Vice Principal of Education, (7)

14  John Doe #1, Welding Supervisor, (8) Kirby, Sargent, (9) F. Carillo, Deacon, (10) Pendleton,

15  Correctional Officer, (11) Miller, Correctional Officer, (12) John Doe #2, Kitchen Officer, (13)

16  John Doe #3, Yard Officer, and (14) Silinowoch, Correctional Officer. See ECF No. 15, pgs. 1-3.

17  The events alleged in the amended complaint occurred at Mule Creek State Prison (MCSP). See

18  id. at 1. Plaintiff presents two claims.

19         In Plaintiff's first claim, Plaintiff alleges cruel and unusual punishment, retaliation

20  for filing grievances, and criminal conspiracy to deny Plaintiff the ability to meet the

21  requirements for parole. See id. at 5. Plaintiff claims that he has been subjected to cruel and

22  unusual punishment in that he has been denied the ability to fulfill the parole eligibility

23  requirements. See id. at 8. Plaintiff further claims that, as a result, he has been discriminated

24  against and denied equal protection because Defendants conspired to retaliate against Plaintiff for

25  filing grievances. See id.

26  / / /

27  / / /

28  / / /

1           Plaintiff contends that on March 23, 2021, after being received at Mule Creek
2    State Prison, Plaintiff was told he would be put on a six-month long support service waitlist for
3    Plaintiff to get into a trade. See id. at 5. Plaintiff asserts that, after this period, he was constantly
4    asking his counselor and the assignment lieutenant[1] why he had not yet been put into the welding
5    trade as he had been on the waitlist since July of 2021. See id. at 5-6. Plaintiff alleges many
6    people, who had come to the prison after Plaintiff, were given jobs and trades before Plaintiff. See
7    id. at 6. Plaintiff contends he was told by Defendant Miller and Defendant Pendleton that Plaintiff
8    could not get a job because he was an "IAC rep" and was always filing grievances. See id.

9           At a meeting with prison officials to report stolen recyclable cans, Plaintiff
10   contends Defendant Kirby and the captain[2] joked about Plaintiff getting a job recycling when
11   they were told about Defendant Miller and Defendant Pendleton's earlier comment. See id.
12   Plaintiff asserts the captain then told Plaintiff to write the assignment lieutenant. See id. at 7. In
13   response, Plaintiff contends he told the captain he already had and that he had filed a staff
14   complaint for the conspiracy against him and the assignment lieutenant refused to respond except
15   to inform Plaintiff that he was on the waitlist. See id. at 7.

16          Plaintiff next contends that he filed a grievance. See id. Plaintiff claims there is no
17   reason why others have gotten jobs or into trades before him as he has a parole eligibility date in
18   2025 and can be moved up with a 50% credit if allowed. See id. Plaintiff contends it is too late to
19   take the trade now. See id. Plaintiff further claims it is obviously a criminal conspiracy because
20   he has not been assigned to a job or trade for two and half years even having been on all the
21   waitlists. See id. Plaintiff claims that this conspiracy against him has led to other people getting
22   placed before Plaintiff, denying him equal protection. See id.

23          Plaintiff further asserts he had filed a grievance regarding his high school
24   proficiency equivalency test he had to take because the parole board required Plaintiff to get a
25   GED. See id. at 5. Plaintiff contends he was told he would be put on the top of the list to take the
26   GED in April 2021, but did not get to take the GED tests until 2023. See id. Plaintiff further

---

[1] Plaintiff does not specify the assignment lieutenant by name here.
[2] Plaintiff does not specify the captain by name here.

3

asserts many people who had come to the prison after Plaintiff were allowed to take the GED before Plaintiff. See id.

Additionally, Plaintiff contends that there was a gross abuse of the EOP [Enhanced Out-Patient] inmates in B facility. See id. Plaintiff asserts he documented everything including cold food and withholding food past fourteen hours. See id. As such, Plaintiff contends he was constantly filing 602s and assisting others to advocate for their rights. See id.

In Plaintiff's second claim, Plaintiff alleges threats and intimidation under the color of authority resulting in cruel and unusual punishment. See id. at 9. Plaintiff contends that on July 17, 2022, after seeing Plaintiff and an inmate talking, Defendant Pendleton told the inmate that she would not move the inmate as requested if he filed a staff complaint. See id. Shortly after that interaction and immediately after using the restroom, Plaintiff asserts that Defendant Pendleton told Plaintiff he needed to ask for a paper towel and could not just take one. See id. Plaintiff contends another officer joined in and told Plaintiff to "step off and shut the fuck up" when Plaintiff tried to explain he did not realize he had to ask. See id. Plaintiff claims this officer had said that to incite violence through threat and intimidation. See id. Following this interaction, Plaintiff asserts he filed a grievance and staff complaint regarding the incident. See id.

## II. DISCUSSION

As with the original complaint the Court finds that Plaintiff's first amended complaint states a plausible retaliation claim against Defendant Pendleton and Defendant Miller. Plaintiff's complaint otherwise fails to state a claim against any other named defendants because he has not alleged allegations which would establish a causal link to a constitutional violation.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."

4

Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

In this case, other than Defendants Pendleton and Miller, Plaintiff provides no facts linking the named defendants to a constitutional violation.  Plaintiff must allege specific facts as to how each named defendant is involved as to each alleged wrongdoing, how the conditions complained of have resulted in a deprivation of his constitutional rights, and set forth some link or connection between each defendant and the claimed deprivation. Plaintiff will be provided a further opportunity to amend.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

/ / /

/ / /

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a second amended complaint within 30 days of the date of service of this order.

Dated: May 27, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

6