1

2

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   WILLIAM ROUSER,                          No.  2:22-CV-1749-DAD-DMC-P

12                    Plaintiff,

13          v.                                 ORDER

14   PATRICK COVELLO, et al.,

15                    Defendants.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the Court is Plaintiff's second amended complaint. See ECF

19   No. 15.

20          The Court is required to screen complaints brought by prisoners seeking relief

21   against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

22   § 1915A(a).  This provision also applies if the plaintiff was incarcerated at the time the action was

23   initiated even if the litigant was subsequently released from custody.  See Olivas v. Nevada ex rel.

24   Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or

25   portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can

26   be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See

27   28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that

28   complaints contain a ". . . short and plain statement of the claim showing that the pleader is

                                                    1

1  entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply,

2  concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to

3  Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice

4  of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121,

5  1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity

6  overt acts by specific defendants which support the claims, vague and conclusory allegations fail

7  to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening

8  required by law when the allegations are vague and conclusory.

9

10              **I.  PLAINTIFF'S ALLEGATIONS**

11              Plaintiff filed this second amended complaint on June 13, 2025. See ECF No. 20.

12  Plaintiff names the following as defendants: (1) P. Covello, Warden, (2 ) B. Hobbs, Chief Deputy

13  Warden, (3) K. Rodgers, B Facility Captain, (4) Alvis, Assignment Lieutenant, (5) C. Clevenger,

14  Principal of Education, (6) Davis, Vice Principal of Education, (7) John Doe #1, Welding

15  Supervisor, (8) Kirby, Seargent, (9) F. Carillo, Deacon, (10) Pendleton, Correctional Officer, (11)

16  Miller, Correctional Officer, (12) John Doe #2, Kitchen Officer, (13) Reveas, Yard Officer, and

17  (14) Silinowoch, Correctional Officer. See id. pgs. 2-3. The events alleged in the amended

18  complaint occurred at Mule Creek State Prison (MCSP). See id. Plaintiff presents two claims.

19              First Claim

20              Plaintiff alleges that Defendants entered into a criminal conspiracy to deny

21  Plaintiff the ability to meet parole requirements in retaliation for Plaintiff filing grievances. See

22  id. at 4. Plaintiff contends that these parole requirements were to complete the GED and receive a

23  job assignment. See id.  According to Plaintiff, Defendant Pendleton told Lieutenant Banks (non-

24  defendant) that Plaintiff would never get a job or be assigned a trade because Plaintiff filed

25  grievances and was an "IAC" representative. Id. Plaintiff alleges that Defendant Miller was

26  present during this conversation. See id.  Plaintiff contends that Defendant Rodgers told Plaintiff

27  that Defendant Rodgers allowed officers to hire whichever inmates they wanted. See id. at 5.

28  Plaintiff contends that this policy violates the law which prescribes that inmates be merged into a

1  job waiting list in a specified manner. See id. Plaintiff contends that Defendant Alvis, the

2  Assignment Lieutenant, was aware of this legal requirement. See id.

3       Plaintiff claims that Plaintiff's prior GED score was lost. See id. Plaintiff alleges

4  that he filed a grievance regarding this loss and was subsequently told that he was at the top of the

5  waiting list to take the GED. See id. Plaintiff alleges that he was not allowed to take the GED

6  until two years later. See id. Plaintiff contends that this violated the law which prescribes that

7  inmates be assigned to courses in a specified manner. See id. at 6.

8       Plaintiff further alleges that he should have been high on the waiting list for a job

9  because Plaintiff was an "A1-A inmate" at the time he was placed on the list. Id. at 5. Plaintiff

10  contends that other inmates who arrived at MCSP after Plaintiff were nonetheless assigned higher

11  priority positions on the waitlist. See id.  Plaintiff alleges that Defendant Rodgers jokingly told

12  Defendant Kirby to get Plaintiff a job on recycling because many of Defendant's grievances cited

13  the alleged theft of recyclable materials by prison staff. See id. at 6. Plaintiff contends that

14  Defendant Kirby did not get Plaintiff such a job. See id. Plaintiff contends that he received a job

15  only after he was granted leave to amend his initial complaint in this case. See id.

16       Plaintiff further contends that Defendants Carrillo; Reveas; Kitchen Officer;

17  Pendleton; Miller; Kirby; the Assignment Lieutenant; Clevenger; and Davis were involved in the

18  criminal conspiracy. See id. pgs. 5-6.

19       Second Claim

20       Plaintiff alleges cruel and unusual punishment in the form of threat to safety by

21  threat and intimidation under color of law. See id. at 7. Plaintiff alleges that on July 17, 2022,

22  Defendant Pendleton said something unclear when Plaintiff moved to retrieve a paper towel after

23  washing his hands. See id. According to Plaintiff, Defendant Silinowoch then told Plaintiff to

24  "shut up and step the fuck off." See id. Plaintiff alleges that this made him feel threatened. See id.

25  Plaintiff contends that Defendant Silinowoch's actions constituted threats and intimidation under

26  color of law, and that Defendant Pendleton's silence constituted failure to report misconduct. See

27  id.

28  / / /

3

## II. DISCUSSION

The Court finds that Plaintiff's second amended complaint states a plausible retaliation claim against Defendant Pendleton. Plaintiff's complaint otherwise fails to state a claim against any other named defendants because he has not alleged allegations which would establish a causal link to a constitutional violation.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Plaintiff's first claim provides facts which link Defendant Pendleton to a constitutional violation. However, Plaintiff sets forth no specific facts regarding Defendants Covello; Hobbs; Clevenger; Davis; Carillo; Reveas; John Doe #1; or John Doe #2. As for the remaining named Defendants for whom Plaintiff does set forth specific facts, these specific facts fail to establish a causal link between the Defendants' acts and a constitutional violation. Though Plaintiff fails to assert facts as to the causal link between Defendant Miller's actions and a constitutional deprivation, Plaintiff did provide such facts in previous complaints which indicates that leave to amend is appropriate.

Plaintiff must allege specific facts as to how each named defendant is involved as to each alleged wrongdoing, how the conditions complained of have resulted in a deprivation of his constitutional rights and set forth some link or connection between each defendant and the claimed deprivation. Plaintiff will be provided a further opportunity to amend.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a third amended complaint within 30 days of the date of service of this order.


Dated:  September 22, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE