**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM ROUSER, | No. 2:22-CV-1749-DAD-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| PATRICK COVELLO, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's second amended complaint, ECF No. 20.

The Court screened Plaintiff's second amended complaint and determined as follows:

> The Court finds that Plaintiff's second amended complaint states a plausible retaliation claim against Defendant Pendleton. Plaintiff's complaint otherwise fails to state a claim against any other named defendants because he has not alleged allegations which would establish a causal link to a constitutional violation.

> * * *

> Plaintiff's first claim provides facts which link Defendant Pendleton to a constitutional violation. However, Plaintiff sets forth no specific facts regarding Defendants Covello; Hobbs; Clevenger; Davis; Carillo; Reveas; John Doe #1; or John Doe #2. As for the remaining named Defendants for whom Plaintiff does set forth specific facts, these

1

specific facts fail to establish a causal link between the Defendants' acts and a constitutional violation. Though Plaintiff fails to assert facts as to the causal link between Defendant Miller's actions and a constitutional deprivation, Plaintiff did provide such facts in previous complaints which indicates that leave to amend is appropriate.

Plaintiff must allege specific facts as to how each named defendant is involved as to each alleged wrongdoing, how the conditions complained of have resulted in a deprivation of his constitutional rights and set forth some link or connection between each defendant and the claimed deprivation. . . .

ECF No. 21.

Plaintiff was provided an opportunity to file a third amended complaint within 30 days to cure the defects identified by the Court. See id. Plaintiff was cautioned that, if no third amended complaint was filed within the time permitted therefor, the action would proceed on the second amended complaint as against Defendant Pendleton and the Court would recommend dismissal of all other claims and defendants for the reasons stated in the Court's prior order. See id. To date, the time to file a third amended complaint has elapsed and no third amended complaint has been filed. The Court, therefore, will recommend dismissal of all claims and defendants except Plaintiff's First Amendment retaliation claim against Defendant Pendleton. As to this claim, by separate order the Court will direct service.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

2

Based on the foregoing, the undersigned recommends as follows:

1.    This action proceed on Plaintiff's second amended complaint, ECF No. 20, as to Plaintiff's First Amendment retaliation claim against Defendant Pendleton.

2.    All other claims and defendants be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 3, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE